UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWNA PRYOR,

    Plaintiff,

v.

                                  Case No. 18-13823

GRAND TRUNK WESTERN
RAILROAD COMPANY,
                                  Hon. Marianne O. Battani

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Before the Court is Defendant's Motion for Summary Judgment (ECF No. 10). The Court has reviewed the parties' submissions in support of and in opposition to Defendant's motion, as well as the accompanying exhibits and has determined that oral argument will not aid in the resolution of this motion. See E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court **DENIES** Defendant's motion.

**I. FACTUAL BACKGROUND**

    Plaintiff Shawna Pryor filed this action on December 10, 2018, pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et. seq., after she was injured while working for Defendant, Grand Trunk Western Railroad Company ("GTW"). Plaintiff was employed by Illinois Central Railway Company, assigned to work as an Administrative Assistant for GTW. According to Pryor, her injuries arose after she was stung by a bee/insect on August 2, 2018.

    More than a year later, on November 18, 2019, Plaintiff's job was eliminated as part of a reduction-in-force. On Nov. 20, 2019, while plaintiff's FELA claim was pending,

she received a Release and an accompanying letter (Id., Ex. 2).  Pursuant to its terms, the Release gave Plaintiff 45 days to consider its terms; and advised her to consult with an attorney (Id., Ex. 3, pg. 4, Section 5); and releases and discharges GTW:

> of, from, and against all. . .claims, actions, causes of action,. . . whether. . .in tort, by statute. . .arising out of or related to Employee's employment. . .all other claims arising under any other local, state, or federal statutes,. . .negligence claims; tort claims including negligence claims; personal injury claims; any claims for damages. . .including but not l limited to. . .physical injuries. . . .

(Id., pgs. 2-3, Section 2).  The Release does not mention Plaintiff's existing lawsuit or her specific injury.

On Nov. 25, 2019, during the course of negotiating Pryor's FELA claim, Plaintiff's counsel sent Defendant's counsel an e-mail enclosing various documents purporting to support Plaintiff's claims of notice and damages (Id., Ex. 5).  He wrote, "PLEASE ADVISE IF THE MATTER CAN BE CARVED OUT OF THE SEVERANCE AGREEMENT."  (Id.)  The parties dispute the meaning of this e-mail.  Defendant argues it is an implicit acknowledgment that the Release included Pryor's pending FELA suit.  Plaintiff argues it was sent to avoid litigation over the scope of the Release relative to Plaintiff's bee sting injury.  Defendant never agreed to the carve-out, yet, on December 30, 2019, Plaintiff signed the Confidential Separation Agreement and Release.  Plaintiff never revoked her agreement to the terms of the Release.

The parties disagree as to whether the Release included Pryor's FELA claim.

**II.  STANDARD OF REVIEW**

Under the Federal Rule governing this motion, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As the Supreme Court has explained, "the plain language of Rule 56[ ] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding a motion brought under Rule 56, the Court must view the evidence "in a light most favorable to the party opposing the motion, giving that party the benefit of all reasonable inferences." Smith Wholesale Co. v. R.J. Reynolds Tobacco Co., 477 F.3d 854, 861 (6th Cir. 2007).  In responding to the motion, the nonmoving party may not rely on bare allegations or denials, but instead must support a claim of disputed facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III.  ANALYSIS

Before turning to the merits of Defendant's motion, the Court addresses Defendant's procedural arguments.  GTW asserts that Plaintiff's response to its motion is deficient in its treatment of the evidentiary record and its analysis of the claims asserted such that the motion is effectively unopposed.  According to Defendant, the

Declarations of Plaintiff and her Counsel fail to meet the standards set forth in Fed. R. Civ. P. 56 (c)(4).

Under the Rule, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Id. In its reply brief, Defendant contends that because neither Declaration includes a statement that it was "made on personal knowledge" or that "the declarant is competent to testify on the matters stated," the Declarations must be disregarded. According to GTW, these omissions render the Declarations improper.

The Court notes at the outset that Defendant did not move to strike the Declarations. Although the Declarations do not include the assertions identified by Defendant, the Court finds the omissions do not preclude their consideration. The content of the Declarations establish personal knowledge and competency. Specifically, Pryor limits her statements to information within her personal knowledge. She declares that it was her belief that the Release only related to her "separation from employment because it did not mention [her] bee sting injury. . . ." (ECF No. 12, Ex. A). Pryor also states that when she met with Defendant's negotiating representatives, she specifically asked about her work-related injury lawsuit against the company, and was told by Steve Napierkowski, a Human Resources Business Partner, that it was not related. Id. These facts are certainly within her personal knowledge, despite being contested by Napierkowski's Declaration, in which he states that he told Pryor that the separation

"was not a result of her lawsuit." (ECF No 13, Ex 6, ¶ 5). He adds that he was aware of the lawsuit and believed the Release did cover the lawsuit. (Id. ¶¶ 6-7).

Plaintiff's counsel's Declaration responds to Defendant's interpretation of the e-mail sent by Plaintiff's counsel. GTW argues that the e-mail request that the injury be "explicitly carved out of the release" supports its position. Plaintiff's counsel however states that the inclusion of the requested language "would have" avoided any "need to otherwise correct Defendant's present misinterpretation of the law." (ECF No. 12, Ex. B). Accordingly, the deficiencies raised by Defendant are more technical than substantive, and the Court will consider the Declarations in assessing the merits of the motion.

Next, Defendant argues that Plaintiff fails to meet her burden to show the Release was not valid due to inadequate consideration, mutual mistake, fraud, and ambiguity. As to inadequate consideration, in executing the subject Release, there is no question that Plaintiff received the benefits to whichshe was not previously entitled (ECF No. 10, Ex. 3, pg. 2, Section 1. I.). Pursuant to the Release, Pryor received money ("the Separation Benefit" equal to seventeen weeks of her base salary) and outplacement services. The letter that accompanied the Release memorialized the parties' discussions regarding Pryor's seperation from employment, including seniority issues, and other information regarding termination, such as payroll questions, the bonus plan, the CN 401(k) Saving Plan, unemployment and life insurance, healthcare, and outplacement services. (ECF No. 10, Ex. 2).

The Court agrees that the facts show there was adequate consideration for the Release.  Maynard v Durham & S. Ry. Co., 365 U.S. 160, 162 (1961) (noting that when the plaintiff receives " 'something of value. . .to which [she] had no previous right,.' " consideration is adequate) (quotation omitted).  That issue, however, does not resolve the dispute.

FELA provides:

> Every common carrier by railroad while engaging in commerce between any of the several states. . .shall be liable in damages to any person suffering injury while he is employed by such carrier in such com-merce. . .for such injury. . .resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. . . .

45 U.S.C. § 51 (1994).

Although GTW accurately characterizes the bulk of Plaintiff's response as a block quote from Ratliff v Norfolk So. Ry., Co., 224 W. Va. 13 (2009), a case that references numerous cases addressing FELA releases, the Court finds the response is sufficient to establish a question of fact as to the scope of the Release.  Under Supreme Court authority a release can be used to settle a FELA claim even if it cannot be used by defendant to exempt it from liability.  Callen v. Pennsylvania R. Co.,332 U.S. 625, 631 (1948).

Although Plaintiff bears the burden of showing the invalidity of the Release, she has established the existence of a question of fact.  Her Declaration renders it unclear whether the Release resolves her preexisting law suit.  In Babbitt v. Norfolk and Western Ry. Co.,104 F. 3d 89 (6th Cir 1997), the plaintiffs, who signed releases when they agreed to voluntary separation, later sued under FELA alleging hearing loss

negligently caused by their railroad employer.  Id.  The Babbitt Court analyzed Section 5 of the Act, recognizing exceptions did exist such that "parties may release their specific claims as part of an out-of-court settlement without contravening" FELA.  Id. at 93.  It added that the validity of a release turned on whether it reflected "a bargained-for settlement of a known claim for a specific injury, as contrasted with an attempt to extinguish potential future claims the employee might have. . . ."  Id.

Here, the Court finds a question of fact exists as to whether the Release was executed as part of a specific settlement of Plaintiff's FELA claims. The Release was executed in the context of a separation from employment; the consideration supports Plaintiff's understanding that her FELA claim was not part of the negotiation.  So does the accompanying letter.  Moreover, her Declaration establishes that she understood from Defendant's representative that it was not.  The Release did not include a specific reference to her existing law suit or her claim of injury cased by a bee sting.  The Court recognizes that Babbitt addressed whether a release extinguished future claims whereas Pryor's claim existed when she signed the Release.  Babbitt, 104 F.,3d at 92 (observing that "FELA is not offended where there is a compromise of a claim of liability that settles a specific injury sustained by an employee").  There was no bargaining as to the lawsuit.  Pryor's response sufficiently raises the issue of the validity.

IV.     CONCLUSION

For these reasons, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

s/Marianne O. Battani
HON. MARIANNE O. BATTANI
Date:  September 30, 2020         UNITED STATES DISTRICT JUDGE